Karthik Nadesan (10217) Email: karthik@nadesanbeck.com
Michael Beck (10381) Email: mike@nadesanbeck.com
Nadesan Beck P.C.
8 East Broadway, Suite 625
Salt Lake City, Utah 84111
Telephone: (801) 363-1140

*Attorneys for Plaintiff Image Professionals GmbH d/b/a StockFood*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| IMAGE PROFESSIONALS GMBH d/b/a STOCKFOOD,<br><br>Plaintiff,<br>v.<br><br>BANANA BLOSSOM THAI CUISINE LLC,<br><br>Defendant, | **COMPLAINT FOR COPYRIGHT INFRINGEMENT**<br><br>Case No. 2:25-cv-01097<br><br>Judge _____ |

**COMPLAINT**

Plaintiff Image Professionals GmbH d/b/a StockFood ("Plaintiff") sues defendant Banana Blossom Thai Cuisine LLC ("Defendant"), and alleges as follows:

**THE PARTIES**

1. Plaintiff is a "Gesellschaft mit beschränkter Haftung" (the functional equivalent of a limited liability company under US law) organized and existing under the laws of the Federal Republic of Germany with its principal place of business located in Munich, Germany.

2. Defendant is a limited liability company organized and existing under the laws of the State of Utah with its principal place of business located at 430 E St George Blvd, St. George, UT 84770. Defendant's agent for service of process is Thossaporn Thossansin, 355 W 200 S,

Washington, UT, 84780.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. This Court has personal jurisdiction over Defendant because it has maintained sufficient minimum contacts with this State such that the exercise of personal jurisdiction over it would not offend traditional notions of fair play and substantial justice.

5. Venue properly lies in this district pursuant to 28 U.S.C. § 1400(a) because Defendant or its agents reside or may be found in this district. "A defendant 'may be found' in any judicial district to which he would be subject to personal jurisdiction." Allison v. Wise, 621 F. Supp. 2d 1114, 1118 (D. Colo. 2007); see also McGregor v. In Tune Music Grp., No. 15-62044-CIV-ZLOCH, 2016 U.S. Dist. LEXIS 190302, at *11 (S.D. Fla. July 29, 2016) ("In other words, 'if a court has personal jurisdiction over the defendants in a copyright infringement action, venue in that court's district is proper.'") (quoting Store Decor Div. of Jas Int'l, Inc. v. Stylex Worldwide Indus., Ltd., 767 F. Supp. 181, 185 (N.D. Ill. 1991)).

## FACTS

### I. Plaintiff's Business and History

6. Originally started in 1979 as StockFood GmbH, Plaintiff's goal was to create the largest premium collection of food images on the international photography market. Today, Plaintiff has amassed the world's largest collection of professional food images, videos, and recipes, with approximately 1 million images offered from a collection of 1,500 different photographers.

7. Such content is offered for license on Plaintiff's StockFood website

(https://usa.stockfood.com/).  In 2019, Plaintiff was renamed to Image Professionals GmbH to account for its expansions into libraries beyond food photography and the provision of services to image professionals throughout the world.

8. Plaintiff's image library was previously made available for license in the United States through its wholly-owned subsidiary, StockFood America, Inc. ("StockFood America"). In November 2020, however, Plaintiff and StockFood America entered into a Rights Transfer and Stock Purchase Agreement whereby StockFood America assigned and transferred to Plaintiff all of its copyrighted materials and registrations, including the work(s) at issue herein and their corresponding registrations with the Register of Copyrights.

## II.     The Work at Issue in this Lawsuit

9. One of Plaintiff's professional contributor photographers created a professional photograph of fried calamari with lemon wedges (titled "11129170") (the "Work"). Attached hereto as **Exhibit "A"** is a spreadsheet which identifies the Work, the corresponding US Copyright Office registration number for such photograph, and one or more screenshots of the alleged infringement of such photograph.

10. The Work was registered by StockFood America with the Register of Copyrights and was assigned a registration number thereby. A true and correct copy of the Certificate of Registration pertaining to the Work is attached hereto as **Exhibit "B."**

11. For all times relevant to this action, Plaintiff and the subject contributor photographer(s) were parties to one or more written agreements whereby such photographer(s) conveyed to Plaintiff certain exclusive rights in the Work, including but not limited to the exclusive right to reproduce the Work in copies and the exclusive right to distribute copies of the Work to the public by sale and/or licensing.  Such written agreement(s) likewise convey the exclusive right to pursue any infringements of the Work, whether such infringements arose prior

3

to execution of the written agreement(s) or thereafter. Such written agreement(s) likewise authorize Plaintiff (or its wholly-owned subsidiary, StockFood America) to register any of the contributor photographer(s)' photographs with the US Copyright Office (with Plaintiff as the claimant) to the extent such contributor photographer(s) have not already done so. As such, Plaintiff is entitled to institute and maintain this action for copyright infringement. See 17 U.S.C. § 501(b).

### III.   Defendant's Unlawful Activities

12. Defendant owns and operates a Thai restaurant.

13. Defendant advertises/markets its business through its websites (https://bananablossomut.com and https://www.bananablossomstgeorge.com/), social media (e.g., https://www.facebook.com/BananablossomSt.George and https://www.instagram.com/banana.blossom.thai/), and other forms of advertising.

14. On a date after the above-referenced copyright registration of the Work, Defendant displayed and/or published the Work on its website, webpage, social media, and/or printed media as a means of advertising, promoting, and/or marketing its business.

15. A true and correct copy of screenshots of Defendant's website, webpage, social media, and/or printed media, displaying the copyrighted Work, is included in Exhibit "A" hereto.

16. Defendant is not and has never been licensed to use or display the Work. Defendant never contacted Plaintiff to seek permission to use the Work in connection with Defendant's website, webpage, social media, and/or printed media – even though the Work that was copied is clearly professional photography that would put Defendant on notice that the Work was not intended for public use.

17. Defendant utilized the Work for commercial use.

18. Upon information and belief, Defendant located a copy of the Work on the internet and, rather than contact Plaintiff to secure a license, simply copied the Work for its own commercial use.

19. Through its ongoing diligent efforts to identify unauthorized use of his photographs, Plaintiff discovered Defendant's unauthorized use/display of the Work in October 2024. Following Plaintiff's discovery, Plaintiff notified Defendant in writing of such unauthorized use.

20. All conditions precedent to this action have been performed or have been waived.

## COUNT I – COPYRIGHT INFRINGEMENT

21. Plaintiff re-alleges and incorporates paragraphs 1 through 20 as set forth above.

22. Each photograph comprising the Work is an original work of authorship, embodying copyrightable subject matter, that is subject to the full protection of the United States copyright laws (17 U.S.C. § 101 *et seq.*).

23. Plaintiff has standing to bring this lawsuit and assert the claim(s) herein as it has sufficient rights, title, and interest to such copyrights (as Plaintiff was conveyed certain exclusive rights to reproduce and distribute the Work by the subject photographer(s) and/or registered the Work with the Register of Copyrights in Plaintiff's name).

24. As a result of Plaintiff's reproduction, distribution, and public display of the Work, Defendant had access to the Work prior to its own reproduction, distribution, and public display of the Work on Defendant's website, webpage, social media, and/or printed media.

25. Defendant reproduced, distributed, displayed, and/or publicly displayed the Work without authorization from Plaintiff.

26. By its actions, Defendant infringed and violated Plaintiff's exclusive rights in

violation of the Copyright Act, 17 U.S.C. § 501. Defendant's infringement was either direct, vicarious, and/or contributory.

27. Defendant's infringement was willful as it acted with actual knowledge or reckless disregard for whether its conduct infringed upon Plaintiff's copyright. Defendant clearly understands that professional photography such as the Work is generally paid for and cannot simply be copied from the internet.

28. Plaintiff has been damaged as a direct and proximate result of Defendant's infringement.

29. Plaintiff is entitled to recover his actual damages resulting from Defendant's unauthorized use of the Work and, at Plaintiff's election (pursuant to 17 U.S.C. § 504(b)), Plaintiff is entitled to recover damages based on a disgorgement of Defendant's profits from infringement of the Work, which amounts shall be proven at trial.

30. Alternatively, and at Plaintiff's election, Plaintiff is entitled to statutory damages pursuant to 17 U.S.C. § 504(c), in such amount as deemed proper by the Court.

31. Pursuant to 17 U.S.C. § 505, Plaintiff is further entitled to recover his costs and attorneys' fees as a result of Defendant's conduct.

32. Defendant's conduct has caused, and any continued infringing conduct will continue to cause, irreparable injury to Plaintiff unless enjoined by the Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

a. A declaration that Defendant has infringed Plaintiff's copyrights in the Work;

b. A declaration that such infringement is willful;

c. An award of actual damages and disgorgement of profits as the Court deems proper or, at Plaintiff's election, an award of statutory damages for each photograph comprising the Work;

d. Awarding Plaintiff his costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

e. Awarding Plaintiff interest, including prejudgment interest, on the foregoing amounts;

f. Permanently enjoining Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendant, from directly or indirectly infringing Plaintiff's copyrights or continuing to display, transfer, advertise, reproduce, or otherwise market any works derived or copied from the Work or to participate or assist in any such activity; and

g. For such other relief as the Court deems just and proper.

Dated: December 3, 2025.

Respectfully submitted,

Nadesan Beck P.C.
8 East Broadway
Suite 625
Salt Lake City, UT 84111
Tel: (801) 363-1140
mike@nadesanbeck.com

By: /s/Michael Beck
Michael Beck

*Counsel for Plaintiff Image Professionals GmbH d/b/a StockFood*